IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | Case No. 17 CR 00555 |
| | ) | |
| CRYSTAL LUNDBERG | ) | |

**DEFENDANT, CRYSTAL LUNDBERG SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

NOW COMES the defendant, CRYSTAL LUNDBERG, by his attorney, GLENN J. JAZWIEC, and submits to this Court his Sentencing Memorandum and Request For a Downward Variance. This memorandum is submitted in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of *United States v. Booker,* 125 S.Ct. 738 (2005). states as follows:

**Factual Background**

Ms. Lundberg self surrendered on August 18, 2017 in regards to the six count indictment that was returned against her charging her with various counts of wire fraud in violation of 18 U.S.C. §1343. That on May 14, 2019, Ms. Lundberg went to jury trial in this matter and was subsequently found not guilty of Counts One (wire fraud) and guilty as to Counts 2 thru 6 of the Indictment (wire fraud)

1

## Sentencing Guidelines

Ms. Lundberg is not in agreement that the adjusted offense level is 27. That Ms. Lundberg is in agreement that her criminal history category is I. Ms. Lundberg disagrees with the Presentence Investigation Report;Specific Offense Characteristics that the offense level should be increased by 18 levels as per USSG §2B1.1(b)(1)(j) and further believes that the offense level should only be increased by 10 levels as per USSG §2B1.1(b)(1)(e) Her conviction as to Counts 2 thru 6 only caused a loss of $106, 875.00. Ms. Lundberg would further disagree with the Presentence Investigation Report; Specific Offense Characteristics that a two level increase was warranted by USSG §2B1.1(b)(10)(C) as her actions in allegedly altering financial records and submitting falsified documents in support of her lease application did not involve sophisticated means to qualify for a two level increase. Pursuant to the same, Ms. Lundberg would argue that her adjusted offense level would be 17. If given this adjustment her total offense level would be 17 and this would result in an advisory sentencing guideline range of 24 to 30 months.

### I. Introduction: Request for Downward Variance

Ms. Lundberg, respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Booker restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentence range prescribed by the United States Sentencing Guidelines. Defendant Ms. Lundberg respectfully requests that the Court consider several important

circumstances of his case in fashioning the most appropriate sentence and asks this court to impose a sentence significantly below the advisory guidelines.

**II. Post-Booker Sentencing Considerations**

This Court is aware of the broad ramification of the *Booker* decision on this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one factor to be considered in determining the sentence. *Booker, 125 S. Ct. at 764-65*. The 18 U.S.C. 3553(a) parsimony provision provides that court shall impose a sentence sufficient, but not greater than necessary, to carry out the proper purposes of sentencing. The purposes of sentencing include the need to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, to create adequate deterrence, to protect the public from future crimes of the defendant and to provide the defendant with necessary treatment and training. 18 U.S.C. 3553(a)(2), Booker 543 U.S. at 260. Other relevant section 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the Defendant and the kinds of sentence available.

In *Gall v. United States*, 128 S. Ct. 586 (2007) the Supreme Court gave this Honorable Court direction and authority to consider mitigating factors that were discouraged or prohibited previously under the Guidelines. The court should consider the arguments of the parties as to the proper sentence in the particular case weighing the applicability of the §3553(a) factors. *Gall*, 128 S. Ct. 586. The court should take a case by case approach, considering every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Id.* at 598. The court must then delineate its reasons for the record. *Id.* The court's

3

reasons for deviation from the guideline range should be rooted either in the nature and circumstances of the offense or the characteristics of the offender, and should be sufficient but not greater than necessary to comply with the general aims of §3553(a). This decision allows the sentencing court to apply the facts of the case with the circumstances of the Defendant's life and fashion a sentence that comports more with justice than with arithmetic calculations.

**III. The Sentencing Factors as Applied to Defendant**

**A. The Nature and Circumstances of the Offense**

Ms. Lundberg was initially charged with Six counts of wire fraud. That Count 1 of the Bill of Indictment was the most serious charge in that it alleged that beginning not later than in or around November 2015, and continuing until at least March, 2017, Scott Kennedy and Crystal Lundberg devised and participated in a scheme to defraud and obtain money from Company A, by means of material false and fraudulent pretenses, representations and promises. The scheme involved the defendant's fraudulently obtaining at least $5,794.715 in funds belonging to Company A by using the Central Account and American Express credit cards issued on the Central Account to pay for goods and services for their own personal benefit. Count One specifically charges that in facilitation of the scheme, on or about April 11, 2016, the defendant's caused a wire communication, namely, an interstate wire transfer of approximately $99,999 from Company A's business account to American Express. This conduct is in violation of 18 U.S.C. §§1343 and 2. That Ms. Lundberg was found not guilty of this charge. That Ms. Lundberg was found guilty of Counts 2 thru 6 which alleged a total loss of $106,875

**B. Defendant's History and Characteristics.**

Ms. Lundberg comes before this court to be sentenced on a non violent offense. That while she exercised his right to trial he was found not guilty of Count 1 which was arguably the most serious charge of the Bill of Indictment.

Ms. Lundberg is 33 years old. She was born in Rockford, Illinois to Diane Gesswein and Mark Lundberg. She was the only child of this relationship. Her parents were never married nor in a committed relationship. She had limited contact with her father and last saw him in 2010. Ms Lundberg's mother is 57 years old and receives social security disability benefits. Her mother has a history of crack cocaine addiction and mental illness. Her mother is aware of these proceedings and remains supportive of her.

Ms. Lundberg was reared in foster care from the age of three to fifteen. She was primarily raised in foster care due to her mothers cocaine addiction. Ms Lundberg believes that she was placed in 25 to 30 foster homes, endured countless physical beatings and was raped to the extent that she blocked out the abuse as a coping mechanism. There was an allegation made by her mother that her father molested her when she was three though nor criminal charges were ever filed. Records also reflected that her mother caused a minor flesh would to her left forearm with a small knife during an argument

That during the presentence interview Ms. Phyliss Sheffield related that she was Ms. Lundberg's foster mother form the age of 11 to approximatley 14. Ms. Sheffield related that she took in Ms. Lundberg due to her mother's addiction to drugs and Ms. Lundberg being molested by her mother's boyfriend. That both her brother and sister have suffered from heroin addictions and Ms. Lundberg has a good relationship with her sister Chelsie Gesswein who remains supportive of her.

Ms. Lundberg has two daughters . Her daughter Katyana Williamson is 17 years old and she had her after she was raped by her father Eric Williamson. That Katyana has been a chronic runaway and has become involved in drug use and has attempted suicide and has demonstrated depressive symptoms and anger issues. Her daughter Kadryana Lundberg-Kimbrough is 15. Her father is in the BOP for a firearm conviction. Ms. Lundberg resides in Rockford with her two daughters. Their home was inspected by Tori Powell from U.S. Probation and found be modestly furnished and to have no extravagance or her living beyond her means.

Ms. Lundberg has been treated for neuropathic pain from the waist down and restless leg syndrome by her primary care physician. She has had mental and emotional treatment in the past. She was diagnosed with Attention deficit hyperactivity disorder when she was a child and prescribed Adderall. She also was hospitalized for one month at Swedish American Hospital when she was 12 years old for the mental trauma she suffered after she observed her mother using drugs. She also had auditory and visual hallucinations when she was 12 and at 18 she was diagnosed with histrionic personality disorder and was referred to a psychiatrist but received no treatment for said condition. That at the age of 24 she was diagnosed with boderline personality disorder and November, 2017 she was diagnosed with narcissistic personality disorder and weekly counseling was recommended and that she has been participating in counseling sessions two times per week and her overall progress is acceptable.

Ms. Lundberg attended Jefferson High School in Rockford, Illinois from 2001 to 2002 and had a GPA of 1.57/4.00. She received her GED from Rock Valley College in 2007. Ms. Lundberg has had various employment and has worked at Slay Lash Skin and Brow Bar in Rockford, Illinois since March of 2019.

**C. (1) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.**

Ms. Lundberg recognizes that his offense is serious and that she should be punished for the crime committed. However, it is respectfully suggested that a sentence significantly less than the minimum in the applicable sentencing range will reflect the seriousness of the offense, will promote respect for the law, and will adequately punish her, particularly in light of other factors personal to him that must be considered by this Court.

The community must know that wire fraud is a serious offense. Ms. Lundberg understands this and agrees with this. Respect for the law and punishment for violating the law does not require harsh results in all circumstances. Rather, respect for the law and proper punishment for violating the law is achieved by fairly considering all of the factors that are relevant to an individual and the offense that he committed.

Ms. Lundberg has been shamed in the eyes of her family and her children. Ms. Lundberg is frightened about what will happen to her children if she goes to prison for a lengthy period of time. The thought of major life events taking place without the presence of their mother is more than unsettling to her. Ms. Lundberg is not suggesting that her conduct is not responsible for this circumstance and all of the negative ramifications that are possible. Rather, she is simply indicating that she and her children have already suffered tremendously as a result of the criminal charges that have followed her criminal conduct and asks this be considered when this Court imposes the sentence deemed to be appropriate under the circumstances.

**C. (2) The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

Ms. Lundberg recognizes that the sentence imposed should deter other criminal conduct. Wire Fraud is a serious offense. A sentence of imprisonment below what is recommended by the Guidelines achieves the goal of deterrence. Any period of imprisonment based on these circumstances will convey the message to the public that wire fraud is not tolerated and is a serious offense.

**C. ( 3) The need for the sentence imposed to protect the public from further crimes of the defendant.**

Ms. Lundberg poses no risk of committing any additional crimes. She fully understands and acknowledges that what she did was wrong. She placed her own judgment above the law in this case, and recognizes her failure in this regard. As a result of that conduct, she may lose her main joy in life her children and her family.

**D.   The kinds of sentences available.**

Ms. Lundberg has been found guilty of a Class C felony. The guideline range for a term of supervised release is three years. 18 U.S.C. §3583(b)(2). Ms. Lundberg is eligible for probation. The maximum term of imprisonment is twenty years and a maximum fine of $250,000.00. 18 U.S.C. §1343

**E. The kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.**

Ms. Lundberg disagrees that the applicable advisory guideline range according to the United States Sentencing Guidelines, and as calculated by the Presentence Investigation Report should be 24 to 30 months.

**F.  Sentence Recommendation**

As discussed above, Booker and 18 U.S.C. §3553(a)'s would indicate that no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence less than the guidelines is sufficient to achieve the goals of punishment. Justice is certainly served by this proposed sentence. Defendant recognizes that the seriousness of his offense and the resulting harm warrants imprisonment; he is not attempting to avoid this reality. The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Finally, Defendant's need for rehabilitation, treatment and training can be met by the proposed sentence.

That the average annual cost of incarceration for federal inmates during the fiscal year 2015 was $31,977.65. See Federal Register Volume 81 FR 46957 (July 19, 2016). Pursuant to the same the cost of incarcerating Mr. Arellano Santamaria for even the minimum of the guidelines would be over $100,000.00. This factor should also be taken into consideration prior to entering sentence in this matter within the guideline range.

The defendant has acknowledged her guilt and his respect for the law. The proposed sentence will further enable the defendant to develop greater respect for the law. In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. The Court has great discretion in sentencing in the post Booker world. Ms. Lundberg respectfully requests this Honorable Court sentence her either to a period of probation or a sentence below the federal guidelines in this matter.

G. **Place of Confinement**

Ms. Lundberg understands that her place of confinement is determined by the Bureau of Prisons. In order to best maintain his family ties, he requests this Court to recommend that she be allowed to serve her sentence at a location which is the closest to Rockford, Illinois.

**H.  Conclusion**

For the reasons discussed above, Defendant respectfully requests that the Court impose a sentence for a term less than the sentencing guidelines in this matter.

Respectfully submitted,

/s/ GLENN J. JAZWIEC

GLENN J. JAZWIEC

1070 Larkin Ave.  Ste. 2E

Elgin, IL   60123

(847) 622-1533

**PROOF OF SERVICE**

The undersigned states that on December 2, 2019, he placed in a United States Mail receptacle, in Rockford, Illinois envelopes bearing prepaid first class postage thereon and addressed as stated below and each envelope contained a true, correct and complete photocopy of the above CRYSTAL LUNDBERG's Sentencing Memorandum and Request for Downward Variance to and was addressed to each of the following persons at the listed locations:

        Kathryn E. Malizia

        Assistant United States Attorney

        219 S. Dearborn St.  Fifth Floor

        Chicago, IL 60604

        /s/ GLENN J. JAZWIEC

        Attorney for Defendant

GLENN J. JAZWIEC

1070 Larkin Ave.  Ste. 2E

Elgin, IL   60123

(847) 622-1533